IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 7, 2019

**YOGONDA ABDULA CORLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-C-2743     Cheryl A. Blackburn, Judge**

——————————————————

**No. M2018-01568-CCA-R3-PC**

——————————————————

Petitioner, Yogonda Abdula Corley, appeals from the post-conviction court's denial of his petition for post-conviction relief. Petitioner contends that his trial counsel provided ineffective assistance by failing to develop a record at trial that was adequate for appellate review. Having reviewed the record and the briefs of the parties, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Jay Umerley, Nashville, Tennessee, for the appellant, Yogonda Abdula Corley.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural history*

Petitioner was charged with three counts of aggravated sexual battery and three counts of rape of a child against the victim T.S., and he was charged with two counts of aggravated sexual battery and four counts of rape of a child against the victim M.M. *State v. Yogonda Abdula Corley*, No. M2013-00464-CCA-R3-CD, 2014 WL 12653830 (Tenn. Crim. App. Feb. 26, 2014), *perm. app. denied* (Tenn. Aug. 26, 2014). Following a jury trial, Petitioner was convicted of six counts of rape of a child, four counts of aggravated sexual battery, and one count of attempted aggravated sexual battery. *Id*.

Following a sentencing hearing, Petitioner was ordered to serve a total effective sentence of 75 years' incarceration. *Id*.

The proof presented at trial was summarized by a panel of this court on direct appeal. *Id*. The two victims, T.S. and M.M., are cousins. They were both 12 years old at the time of trial. Both victims testified about several instances of sexual abuse and rape by Petitioner.

On direct appeal, Petitioner asserted multiple claims of plain error. Petitioner argued on appeal that it was plain error for the trial court: 1) to admit into evidence a recording and transcript of statements by Petitioner obtained by the use of a body wire worn by the mother of one of the victims; 2) to admit into evidence Petitioner's statements to the police following his arrest; 3) to admit into evidence the opinion testimony by a nurse practitioner that the victims' statements were consistent with their medical examinations; and 4) not to sever the offenses against the two victims. A panel of this court determined that plain error was not justified for any of those claims. *Id*.

Petitioner subsequently sought post-conviction relief, alleging that he was denied the effective assistance of counsel at trial.

### *Post-conviction hearing*

Petitioner testified that he believed trial counsel was ineffective for failing to file a motion to suppress his statements made during a wiretapped conversation with T.S.'s mother. Petitioner testified that during the conversation, T.S.'s mother "was getting madder and madder" and that he "was scared." He testified that she was physically and verbally threatening towards him, and "she'd get closer and closer to [his] face, you know, hollering and yelling at [him]." He testified that he repeatedly denied her allegations and that his ultimate admission was coerced. Petitioner later learned that the conversation was recorded at the direction of the police.

On cross-examination, Petitioner acknowledged that they were outside of his home when the conversation happened, and that he was not under arrest. He acknowledged that T.S.'s mother did not hit him or threaten him with a weapon. He testified that he did not give her an opportunity to hit him because when she approached him, he would "walk off."

Petitioner testified that he believed trial counsel was ineffective for failing to object to the State's leading questions to M.M. He testified that during the State's direct examination, M.M. "would say no to the question," and the prosecutor would ask the question again another way.

Petitioner testified that he believed trial counsel was ineffective for failing to object to the opinion testimony of Sue Ross, a nurse practitioner who testified as an expert for the State, regarding the inconclusive medical examination. Petitioner also testified that trial counsel also should have objected to the testimony of a State's witness who was an expert in children's memory. On cross-examination, Petitioner acknowledged that Ms. Ross was qualified by the trial court to testify as an expert witness, but Petitioner testified, "she didn't give no [sic] qualifications."

Finally, Petitioner complained that trial counsel should have filed a motion to sever the offenses against each victim. He testified that the offenses happened "at two different times, and [the State] put both of them together."

Petitioner's trial counsel testified that she did not file a motion to suppress Petitioner's statement to T.S.'s mother because Petitioner "never made any admissions to penetration" during the conversation. Additionally, trial counsel testified that Petitioner "had given [her] so many different inconsistent statements" about the conversation with T.S.'s mother. Trial counsel testified that Petitioner told her that he "was high on drugs," and on another occasion, he told her that he had not taken any drugs prior to his conversation with T.S.'s mother. She also testified that Petitioner was inconsistent about whether he was in fear of T.S.'s mother. Trial counsel testified that it was a tactical decision not to seek suppression of the statement.

Regarding the testimony of the victims, trial counsel testified that she "did not feel that repetitive objections were going to serve any purpose, due to the fact that [they] were children." Regarding State's witness Sue Ross, trial counsel testified she "was qualified as an expert and, certainly, her opinions would not have been objectionable." Trial counsel testified that it had been six years since Petitioner's trial, and she had not reviewed the trial transcripts. She testified, "I think I asked [Ms. Ross] questions in and around any statements and opinions that she gave in order to benefit [Petitioner]'s position at trial." Trial counsel testified that Ms. Ross' testimony as to the victims "having gaps in memories and having inconsistent memories was actually beneficial to [Petitioner]."

Trial counsel explained that she did not file a motion to sever the offenses because her defense strategy was to show that both victims fabricated the allegations against Petitioner because one of the victims was mad at Petitioner. Trial counsel also testified that she believed that the offenses were not severable because they were part of "a common scheme or plan and have similar character and conduct."

In a written order denying post-conviction relief, the post-conviction court accredited trial counsel's testimony and concluded that Petitioner had not shown by clear and convincing evidence that trial counsel was ineffective or that trial counsel's alleged deficiencies prejudiced Petitioner. Regarding trial counsel's failure to file a motion to suppress Petitioner's statement, the post-conviction court found that Petitioner failed to demonstrate that such a motion would have been granted and that there was a reasonable probability that the proceedings would have concluded differently if trial counsel had filed a motion to suppress. *See Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The post-conviction court found that trial counsel was unable to establish that Petitioner was coerced by T.S.'s mother because Petitioner had made several inconsistent statements about his conversation with T.S.'s mother. Regarding trial counsel's alleged failure to object to leading questions by the State of the victim M.M., the post-conviction court found that Petitioner had not "identified any specific instances during M.M.'s testi[mony] that warranted an objection." The post-conviction court further found that trial counsel made a reasonably based strategic decision not to make a standing objection. Regarding trial counsel's alleged failure to object to the opinion testimony of Sue Ross, the post-conviction court found that Ms. Ross was qualified by the trial court as an expert and that her opinion testimony fell within her qualified expertise. Regarding trial counsel's failure to file a motion to sever the offenses, the post-conviction court found "trial counsel's testimony credible and that trial counsel made a reasonable strategic decision based on thorough investigation." The post-conviction court further found that Petitioner had not demonstrated any legal basis to sever the offenses.

*Analysis*

On appeal, Petitioner argues that trial counsel was ineffective because her failure "to file the motions and objections that [Petitioner] raised on direct appeal and in the [post-conviction] petition" prevented appellate review of the issues. The State responds that the post-conviction court properly denied Petitioner's petition for post-conviction relief.

When a petitioner raises an ineffective assistance of counsel claim, this court is obligated to review that claim according to certain well-settled principles. Both the Sixth Amendment to the Constitution of the United States and Article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014). In order to sustain a claim of ineffective assistance of counsel, a petitioner must prove both that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure

to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999); *see also Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). This court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In order to determine prejudice, the question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. (quoting *Strickland*, 466 U.S. at 691).

Petitioner complains that trial counsel failed to raise timely objections and preserve the same for appellate review. Under this general allegation, Petitioner refers to three specific allegations. Petitioner asserts that trial counsel's performance was deficient for failing to file a motion to suppress Petitioner's wiretapped conversation with T.S.'s mother; failing to object to opinion testimony by expert witness Sue Ross; and failing to file a motion to sever the offenses.

The post-conviction court issued extensive findings of fact and conclusions of law. The post-conviction court expressly accredited the testimony of trial counsel and

concluded that trial counsel's reasoning and strategy was reasonable. Petitioner requests that the post-conviction court's denial of relief "be overturned so at a minimum [Petitioner] can return to the trial court to file the appropriate motions with sufficient representation."

Regarding trial counsel's failure to file a motion to suppress Petitioner's recorded statement to T.S.'s mother, a panel of this court summarized the proof at trial and concluded that the record was inadequate to conduct a plain error review of the issue. *Corley*, 2014 WL 12653830, at *3-4. The panel noted, "[w]hile the record before us contains testimony of T.S.'s mother and Detective Fitzgerald, as well as the content of the recorded conversation, we cannot conclude that the recording should have been suppressed without a more developed record." *Id*. at *4. The panel also noted that it was not clear from the record whether trial counsel waived objection to the evidence for tactical reasons, pointing to the State's argument on appeal that "trial counsel knew that the victims would testify that [Petitioner] had sexually penetrated them, and in recorded conversation with T.S.'s mother, [Petitioner] repeatedly denied having penetrated the victims and only admitted having touched the victims." *Id*.

As the State points out in its brief, Petitioner had ample opportunity to more fully develop the record at the post-conviction hearing. The only additional proof presented was Petitioner's testimony that he felt threatened by T.S.'s mother. The post-conviction court, however, accredited trial counsel's testimony that it was a strategic decision not to challenge admission of the statement. The evidence does not preponderate against the post-conviction court's finding. Petitioner is not entitled to relief on this issue.

The panel also summarized on direct appeal the testimony of nurse practitioner Sue Ross that the lack of physical injury to M.M. was not inconsistent with M.M.'s description of the sexual abuse. *Id*. at *5. The panel noted that Ms. Ross was qualified by the trial court to testify as an expert for the State. At trial, Ms. Ross "acknowledged that given the physical findings, she could not give an expert opinion as to whether 'penetration did or did not happen.'" *Id*. Applying a plain error analysis, the panel held, "we cannot conclude that consideration of this issue is necessary to do substantial justice, that it was not a tactical decision by defense counsel not to object to the testimony, or that a substantial right of [Petitioner] ha[d] been adversely affected." *Id*.

Again, Petitioner failed to present any proof at the post-conviction hearing that there was any basis on which to object to Ms. Ross's testimony, or that an objection by trial counsel would have been sustained by the trial court. Furthermore, the post-conviction court accredited trial counsel's testimony that Ms. Ross was qualified by the trial court as an expert and that her opinion testimony fell within her qualified expertise.

The evidence does not preponderate against the post-conviction court's finding. Petitioner is not entitled to relief on this issue.

Regarding trial counsel's failure to file a motion to sever the offenses, the panel on direct appeal agreed with the State's assertion that Petitioner's argument was not that consolidation was error but that trial counsel was ineffective for failing to object to consolidation or to move for severance of the offenses. *Id*. at 6. The panel concluded that "the record [wa]s entirely undeveloped on this issue" and noted that trial counsel's failure to object could have been a tactical decision, pointing to attempts by trial counsel "to undermine the credibility of both victims and to establish that the victims, M.M. in particular, did not like [Petitioner] and had a motive to fabricate the allegations." *Id*. Trial counsel, in fact, testified at the post-conviction hearing that she did not file a motion to sever the offenses because her defense strategy was to show that both victims fabricated the allegations against Petitioner because one of the victims was mad at Petitioner. The post-conviction court accredited trial counsel's testimony and concluded that it was a reasonably based strategic decision. The evidence does not preponderate against the post-conviction court's finding. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After reviewing the record and the briefs of the parties, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, JUDGE